# Kasell Law Firm

February 14, 2024

Hon. Dora Irizarry
Hon. Diane Gujarati
Hon. Natasha Merle
United States District Judges
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Kalamata Capital Group LLC v. Varaluz LLC et al.*, 24 Civ. 445 (NCM) (RML)
              *Squared Funding Cali LLC v. Varaluz LLC et al.,* 24 Civ. 0454 (DLI) (VMS)
              *Meged Funding Group Corp. v. Varaluz LLC et al.,* 24 Civ. 0863 (DG) (TAM)

Judge Irizarry, Judge Gujarati, and Judge Merle:

      I am counsel for the Defendants in the above-captioned actions. All three actions involve a contract commonly known as a "merchant cash advance" agreement with the same company and a guarantee of performance by Ronald Henderson. Plaintiffs allege that Defendants breached the Agreement and Guarantee in each case. Defendants removed all three cases to this Court pursuant to 28 U.S.C. § 1332. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants respectfully move for the cases to be consolidated before Judge Natasha Merle, who has the earliest filed case under 24 Civ. 445.

      In so moving, Defendants acknowledge that the "first-filed rule" generally applies to cases in different jurisdictions and, thus, the Court may exercise its discretion to consolidate these cases before which ever District Judge it selects; Defendants merely seek consolidation, not a particular judge. *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Spratley v. FCA US LLC*, No. 17 Civ. 0062, 2017 WL 4023348, at *8 (N.D.N.Y. Sept. 12, 2017) ("The first-filed rule is rarely applied to cases within the same district because those cases can be consolidated for discovery and/or trial pursuant to Federal Rule of Civil Procedure 42(a)."). (This issue typically comes up in the context of class actions.)

      Rule 42 of the Federal Rules permits the Court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is a "valuable and important tool of judicial administration" that should be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Rauch v. Vale S.A., 378 F. Supp. 3d 198, 204* (E.D.N.Y. 2019) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (cleaned up)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v.*

# Kasell Law Firm

*Hall*, 138 S. Ct. 1118, 1131 (2018). The Court may even consolidate cases *sua sponte*. *Devlin*, 175 F.3d at 130 (2d Cir. 1999).

"Differences in causes of action [or] defendants . . . do not render consolidation inappropriate" if there is a common question of law or fact and the "differences do not outweigh the interests of judicial economy served by consolidation." *Christiansen v. Immelt (In re GE Sec. Litig.)*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-*5 (S.D.N.Y. July 29, 2009) (quotation marks omitted); *see also Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 299 F.R.D. 1, 6 (E.D.N.Y. 2014) (consolidating cases with almost identical parties where no parties objected).

These three actions involve common questions of fact and law. Valid merchant cash advances, unlike conventional loans, are financial products that involve a lender purchasing a percentage of future sales in exchange for a lump sum advance. Thus, one common question here is what were Defendants' sales after the company entered into the contracts. The answer to the question determines each of the Plaintiffs' alleged damages. Discovery on this question is also expected to be uniform.

Moreover, it is expected that there will be common questions of law as Defendants will raise the defense that these contracts are usurious loans and violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1962(c)-(d). A RICO offense may be predicated on a "single instance of collection of unlawful debt" instead of on a pattern of racketeering activity. *See United States v. Grote*, 961 F.3d 105, 119 (2d Cir. 2020). An "unlawful debt" is a debt that (1) "is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury;" and (2) "was incurred in connection with . . . the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6); *see Lateral Recovery LLC v. Queen Funding, LLC*, 21 Civ. 09607, 2022 WL 2829913, at *4 (S.D.N.Y. July 20, 2022).

Finally, we note that the parties in all three cases are engaged in active settlement negotiations with the hope of a global settlement. If one is reached, Defendants expect to ask the Court to retain jurisdiction to enforce the settlement agreement with consent of the parties provided, of course, that the district court issues an order requiring compliance with the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377-81. Parties will seek such an order so that non-compliance would be a violation of a court order and the district court could use its ancillary jurisdiction to enforce its orders (and by extension enforce the settlement agreement). *See id.* at 381. In addition, Defendants believe that settlement achieved through a court-ordered mediation (which Defendants will welcome) can only be achieved if the parties in all three cases are involved.

# Kasell Law Firm

For these reasons, Defendants respectfully request that the cases be consolidated in one action and respectfully suggest that it be Judge Natasha Merle, who has the earliest filed case under 24 Civ. 445.

Respectfully,

/s/ *David Kasell*
*Attorney for Defendants*