# Kasell Law Firm

August 7, 2024

**Via CM/ECF**

Hon. Judge Dora L. Irizarry
United States District Judge
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Defendants' Supplement to Motion to Refer to *Bankruptcy Court* in *Squared Funding Cali LLC v. Henderson et. al*, No. 24 Civ. 00454

Judge Irizarry:

As counsel for Defendants in the above-captioned action, and pursuant to this Court's Order dated June 26, 2024 (ECF No. 20), Defendants supplement their unopposed motion pursuant to this Court's Standing Order of Reference dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) (the "Standing Order").

The Court ordered Defendants to answer (1) how this case is related to the bankruptcy case; (2) why the automatic stay is not sufficient; and (3) why or how the Court should refer this case to the Bankruptcy Court in this District, when the bankruptcy case is pending in Nevada.

**I.     Background**

By way of background, there are two defendants: Varaluz LLC ("Varaluz") (a company that sells handmade lighting & home décor) and its principal owner, Ronald Henderson. Plaintiff and Varaluz entered into a written contract dated November 8, 2023 (the "Contract") whereby Varaluz allegedly sold to Plaintiff its future receipts having a value of $374,750 ("Receivables") for the sum of $250,000 ("Purchase Price"). The Purchase Price was to be paid to Plaintiff pursuant to a schedule set forth in the Contract. In addition to being the principal of Varaluz, Mr. Henderson signed a "guarantee of performance" to the Contract.

Varaluz allegedly defaulted on the Contract. On June 25, 2024, Varaluz filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

# Kasell Law Firm

"Bankruptcy Code") in the Nevada Bankruptcy Court, *In re Varaluz, LLC*, Case No. 24-13181-HLB (the "Bankruptcy Case").

Defendants now respectfully answer the Court's questions in reverse order.

**II.    Why or how the Court should refer this case to the Bankruptcy Court in this District?**

It is undersigned counsel's understanding that cases involving a party in bankruptcy are referred to the district's bankruptcy court through a Standing Order, and the bankruptcy court can then transfer the case to the debtor's home court if requested by a party. Varaluz intends to move to transfer venue once the case is referred to the bankruptcy court.

Bankruptcy Rule 7087 provides that a bankruptcy court "may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412." Fed. R. Bankr. P. 7087. Section 1412 of Title 28, in turn, grants courts discretion to "transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *In re Harnischfeger Indus., Inc*., 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000) ("Because the criteria under § 1412 is phrased in the disjunctive, the bankruptcy case or proceeding is transferable upon a sufficient showing of either the interest of justice or the convenience of the parties.").

Varaluz could also move the bankruptcy court pursuant to the general transfer of venue provision, 28 U.S.C. § 1404, which similarly grants a court discretion to transfer civil actions to other districts in the interest of justice and for the convenience of the parties. The difference between §§ 1412 and 1404 is "a largely academic exercise; the factors to be considered under either statute are the same." *Jackson v. Venture Dept. Stores, Inc*., 1998 WL 778057 at *6 (N.D. Ill Nov. 2, 1998). "The only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally." *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004).

**III.    Why is the automatic stay not sufficient?**

It is true that the automatic stay is effective upon the filing of a bankruptcy petition, and the injunctive nature of the automatic stay imposes on all affected parties an obligation to respect the stay until such time that it is lifted by the bankruptcy court. Any action taken in violation of the stay is void and of no force and effect.

2

1038 Jackson Avenue #4 • Long Island City, NY 11101

Phone 718.404.6668

However, the automatic stay may not apply to actions against non-debtor third parties (in this case, Mr. Henderson). <u>See</u> *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61 (2d Cir. 1986); *see also In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5928, *24 (Bankr. EDNY Dec. 26, 2012).

A Bankruptcy Court has inherent authority to grant extraordinary relief and extend the stay to actions against a non-debtor under 11 U.S.C. § 105. Such extensions of the stay typically apply to lawsuits which threaten serious risk to a bankruptcy reorganization in the form of immediate adverse economic consequences for the debtor's bankruptcy estate.

Staying actions against a nondebtor party (such as Mr. Henderson) might be necessary to protect the debtor's estate or even just ensure an orderly and fair reorganization. But, absent a transfer, difficulties may arise in determining which court would have jurisdiction to impose such relief.

Moreover, Varaluz intends to file an adversary proceeding against Square Funding Cali LLC, and the adversary proceeding will impact the liabilities of the parties in this pending action. In order to ensure an efficient resolution, Varaluz expects to seek to have this matter consolidated with the adversary proceeding, which is best accomplished by completing the referral to the bankruptcy court and transfer to Nevada Bankruptcy Court.

### IV.     How is this case related to the bankruptcy case?

Under 28 U.S.C. § 1334(b), federal courts have jurisdiction over civil proceedings that are "related to" cases under Title 11. Courts have consistently held that a proceeding relates to Title 11 if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *HSBC USA, NA v. Schwartz,* 2008 WL 2357380, at *2 (E.D.N.Y. June 4, 2008) (*quoting In re Tower Auto., Inc*., 356 B.R. 598, 600 (Bkrtcy. S.D.N.Y. 2006); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). This includes any proceeding whose outcome could alter the debtor's rights, liabilities, options, or freedom of action. *Id.*

The breach of contract claim against Varaluz and the guaranty claim against Mr. Henderson are inherently linked, and therefore, related to the bankruptcy case. Any judgment against Mr. Henderson as a guarantor will necessarily impact the liabilities and financial obligations of Varaluz.

As a closely-held company, Mr. Henderson will also argue that Varaluz has indemnification obligations towards him. A judgment against him could lead to

3

1038 Jackson Avenue #4 • Long Island City, NY 11101

Phone 718.404.6668

indemnification claims against the bankruptcy estate, thereby increasing the estate's liabilities.

Moreover, if Mr. Henderson satisfies the judgment as a guarantor, even in part, he would be subrogated to the rights of the plaintiff against Varaluz. This would create additional claims against the estate, affecting the distribution to other creditors and the overall reorganization plan.

The resolution of the guaranty claim against Mr. Henderson will also directly affect Varaluz's ability to formulate and execute a feasible reorganization plan. Any significant financial burden on Mr. Henderson, as the principal and decision-maker of Varaluz, could impair his ability to contribute to the reorganization efforts, negotiate with creditors, and maintain business operations.

Finally, given the interconnected nature of the claims against Varaluz and Mr. Henderson, it is in the interest of judicial efficiency to resolve these matters within a single forum, the bankruptcy forum. Separate adjudication of the guaranty claim in a different forum would result in duplicative litigation, increased costs, and the potential for inconsistent judgments, all of which could hinder the efficient administration of the bankruptcy estate.

**V.     Conclusion**

Defendants respectfully request that this matter be referred to the bankruptcy court pursuant to the Standing Order so that Defendants may seek to transfer the case to the Nevada Bankruptcy Court.  Alternatively, should the Court prefer, Defendants will file the request to transfer before this Court.

Should the Court have any further questions, Defendants look forward to providing a response.

Respectfully,

/s/ *David Kasell*
1038 Jackson Avenue, Suite #4
Long Island City, NY 11101
*Attorney for Defendants Varaluz LLC
and Ronald Henderson*